**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000529**
**07-NOV-2012**
**12:05 PM**

NO. CAAP-12-0000529

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HOVEY B. LAMBERT, TRUSTEE UNDER THE HOVEY B. LAMBERT TRUST, an unrecorded revocable living Trust Agreement dated April 5, 2002, Plaintiff-Appellee, v. WAHA (K), et al., Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2529-10 RAN)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Defendant-Appellant Lesieli Teisina's and Intervenor-Defendant/Appellant Penisimani Teisina's (the Teisina Appellants) appeal from the following six interlocutory orders that the Honorable Rhonda A. Nishimura has entered in this case:

(1)  a June 20, 2011 interlocutory "Order Granting Plaintiff's Motion for Summary Judgement Regarding Partition and Title, Filed April 26, 2010";

(2)  a November 23, 2011 interlocutory "Order Granting Plaintiff's Motion: 1) for Summary Judgement against Intervenor Penisimani Teisina; 2) for Determination of Interests, if any, of Intervenor Penisimani Teisina and Defendant Lesieli Teisina in House on Parcel 33; and 3) for Dissolution of the Court's Stay Entered August 24, 2011, Filed September 30, 3011";

(3)  a February 23, 2012 interlocutory "Order Granting in Part and Denying in Part Motion of Defendant Lesieli Teisina and Intervenor Penisimani Teisina to Vacate the Court's Order of November 23, 2011 to Sell Lot 33 without the House and Improvements, Filed January 5, 2012";

(4) a May 3, 2012 interlocutory "Order Denying Motion of Defendant Lesieli Teisina and Intervenor Penisimani Teisina to 1) Reconsider the Court's Order Filed February 23, 2012, Granting and Denying in Part Teisinas' Motion to Vacate the November 23, 2011 Order; 2) to Hold and [sic] Evidentiary Hearing on Teisinas' Enhancement of Parcel 33; and 3) for an Order Allowing Teisinas to Use Their Enhancement Value in Bidding at the Partition Sale of Parcel 33, Filed February 28, 2012";

(5) a May 3, 2012 interlocutory "Order Denying Motion of Defendant Lesieli Teisina and Intervenor Penisimani Teisina to Use the Enhancement Value of the Improvements on Parcel 33 in Lieu of a Supersedeas Bond"; and

(6) a May 3, 2012 interlocutory "Order Denying Defendant Lesieli Teisina's and Intervenor Teisina's Motion for Stay Pending Appeal, Filed October 31, 2011".

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed."

Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-12-0000529 was filed on July 25, 2012, and the circuit court has not yet entered a separate judgment in this case.

Even assuming, arguendo, that the first two orders, i.e., the June 20, 2011 interlocutory order and the November 23, 2011 interlocutory order, were somehow independently appealable final orders, the Teisina Appellants did not file their May 30, 2012 notice of appeal within thirty days after entry of the June 20, 2011 interlocutory order and the November 23, 2011 interlocutory order, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) requires for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, even assuming arguendo that the June 20, 2011 interlocutory order and the November 23, 2011 interlocutory order were somehow independently appealable, we would lack jurisdiction to review these orders.

Absent a separate judgment, the other four remaining interlocutory orders likewise are not eligible for appellate review. Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the other four remaining interlocutory orders do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, the Teisina Appellants' appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-12-0000529. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000529 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 7, 2012.

Presiding Judge

Associate Judge

Associate Judge